UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENRY THOMAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Folsom State Prison,<br><br>Respondent. | No. 2:23-cv-02741-DAD-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this petition for a writ of habeas corpus. 28 U.S.C. § 2254. He challenges his convictions in the Superior Court of Sacramento County for felony murder and arson. ECF No. 6. Respondent has filed a motion to dismiss the petition due to lack of exhaustion of claims two through six. ECF No. 18. Petitioner does not deny that these claims are unexhausted, but requests that this action be stayed in lieu of dismissal. ECF Nos. 22 and 24. Petitioner also requests appointment of counsel and a copy of his case file. ECF No. 25. Respondent does not oppose a stay under *Kelly v. Small*. ECF No. 23. For the reasons that follow, the court recommends that the petition be stayed under *Kelly*, and that petitioner's other pending motions be denied.

Federal courts may not adjudicate mixed petitions for habeas corpus, *i.e.* those petitions containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 273 (2005). There are two procedures relevant to staying a state prisoner's unexhausted federal habeas petition pending exhaustion in state court– one set forth by *Rhines v. Weber*, 544 U.S. 269 (2005)

1

and the other by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). Petitioner does not state under which authority he requests a stay; while respondent objects to a *Rhines* stay, respondent does not oppose a *Kelly* stay. ECF No. 23.

Pursuant to the procedure outlined in *Kelly*, a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition by way of amendment. *Kelly*, 315 F.3d at 1070-71; *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). A *Kelly* stay "does not require that a petitioner show good cause for his failure to exhaust state remedies." *King*, 564 F.3d at 1135. If, as here, the petition is mixed (containing both exhausted and unexhausted claims), the unexhausted claims in the petition must be dismissed while the exhausted claims are stayed and held in abeyance. *King*, 564 F.3d at 1138-39; *Sanford v. Bird*, 2024 WL 53686, *4 (E.D. Cal. January 4, 2024). After the unexhausted claims are exhausted in state court, the petitioner may seek to add them back to his federal habeas petition. *King*, 564 F.3d at 1138-39. The previously exhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1). *Id.* at 1140-41. Because respondent does not object to petitioner's request for a stay under *Kelly*, the court recommends that respondent's motion to dismiss be granted in part and that claims two through six be dismissed without prejudice, and claim one be stayed under *Kelly*.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 18) be granted in part, and that claims two through six in petitioner's petition be DISMISSED without prejudice;
2. Claim one in petitioner's petition be STAYED under *Kelly*, 315 F.3d at 1070-71;
3. Petitioner's motion for appointment of counsel (ECF No. 25) be DENIED without prejudice for the same reasons detailed in ECF No. 16, and because stay of the action renders this motion moot;
4. Petitioner's motion for copy of his file be DENIED as moot, because petitioner was sent a courtesy copy of the docket. ECF No. 25.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: June 13, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE